UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER SLAVENS | ) |
|     Plaintiff, | ) Case Number |
| vs. | ) CIVIL COMPLAINT |
| ASSET ACCEPTANCE, LLC | ) |
|     Defendant. | ) JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Jennifer Slavens, by and through her undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

    **I.**    **INTRODUCTORY STATEMENT**

    1.    Plaintiff, Jennifer Slavens (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

## III.     PARTIES

4.     Plaintiff, Jennifer Slavens ("Plaintiff") is an adult natural person residing at 1002 North 5th Street, Minneapolis, MN 55411.

5.     Defendant, Asset Acceptance, LLC ("Defendant"), at all times relevant hereto, is and was a Delaware Limited Liability Company engaged in the business of collecting debt with its principal place of business located at 15 East Centre Street, Deptford NJ  08096 and a corporate address located at 6985 Miller Road, Warren MI 48092.

6.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.     In or around the end of July 2009, Plaintiff began to receive a series of

harassing calls from Defendant at work with regard to collection of an alleged debt, which was incurred while purchasing consumer goods from Mervyn's Clothes Store. The creditor is GE Capital.

8. Defendant's agents called Plaintiff's place of employment before she was in the office or during weekends and left voicemail messages.

9. Plaintiff asked Defendant's agents not to call her at work and especially not to leave "debt collection" messages.

10. Subsequently, Plaintiff received a collection notice dated August 7, 2009 from Defendant's agent, Sherrie Bucks, which offered a payment arrangement. Appended hereto and marked "**EXHIBIT A**" is a copy of the collection notice.

11. On or about Friday, August 28, 2009, Plaintiff contacted Ms. Bucks, who offered her an arrangement of 4 payments of $105.19 to clear up the balance of $420.77.

12. Plaintiff accepted but wanted something written to document the arrangement and stipulate that her credit file would be updated accordingly as satisfied.

13. On or about, Monday, August 31, 2009, Plaintiff received a call from Defendant's agent, Paul Blake, who had also left her a message on her work voicemail over the previous weekend.

14. Defendant's agent, Paul Blake was rude and belligerent. Mr. Blake stated that Plaintiff's account would be marked a refusal to pay even after Plaintiff indicated she had agreed to a payment arrangement with Defendant previously.

15. Defendant's agent, Paul Blake called Plaintiff a liar and stated that he had dealt with Plaintiff in the past. Mr. Blake stated that Plaintiff was always difficult.

16. Plaintiff has no recollection of ever communicating with Defendant's agent, Paul Blake.

17. Defendant's agent, Paul Blake proceeded to hang up on Plaintiff.

18. In or about the beginning of September 2009, Plaintiff sent Defendant a certified letter detailing her intent to follow through with the original payment arrangement. Appended hereto and marked "**EXHIBIT B**" is a copy of the letter and certified receipt.

19. Additionally, in "**EXHIBIT B**", Plaintiff requested that she not be contacted again except with written confirmation of the payment arrangement and specifically requested that Defendant's agent, Paul Blake be removed as the collector handling her account.

20. Plaintiff included the first payment with "**EXHIBIT B**", which was debited from Plaintiff's bank account.

21. On or about September 16, 2009, Plaintiff received a written notice from Defendant's agent, Paul Blake. Appended hereto and marked "**EXHIBIT C**" is a copy of the notice.

22. "**EXHIBIT C**" stated that the payments agreed upon were extended to Plaintiff as a courtesy and advised her to have them in Defendant's office by the due date or the agreement would be void.

23. Defendant's agent, Paul Blake neglected to include a due date on "**EXHIBIT C**".

24.   Outraged that her prior letter, "**EXHIBIT B**", had been completely disregarded, Plaintiff sent Defendant a second letter dated September 24, 2009 reiterating her intentions to continue with the aforementioned payment arrangement and demanding that Defendant's agent, Paul Blake not be allowed to contact her again in any way. Appended hereto and marked "**EXHIBIT D**" is a copy of the letter.

25.   On or about October 1, 2009, Defendant's agent, Paul Blake sent Plaintiff aother notice, this time offering a settlement amount of $157.79 of the remaining balance of $315.58.  The payment had to be made by October 31, 2009.  Appended hereto and marked "**EXHIBIT E**" is a copy of the notice.

26.   On or about October 22, 2009, Plaintiff made a payment directly out of her bank account to Defendant.  In an oversight, Plaintiff paid Defendant $168.00 rather than $158.00.  Appended hereto and marked "**EXHIBIT F**" is a copy of Plaintiff's bank statement.

27.   Defendant accepted this payment.

28.   Prior to the payment date and unbeknownst to Plaintiff, in or around the end of October 2009, Defendant updated her credit file with derogatory credit information. Appended hereto and marked "**EXHIBIT G**" is a copy of the Credit Keeper negative notification of derogatory or delinquent changes made by Defendant.

29.   On or about November 2, 2009, Defendant's agent, Paul Blake sent Plaintiff a third notice, once again offering a settlement on a debt which is paid.  Appended hereto and marked "**EXHIBIT H**" is a copy of the notice.

30. In addition to the negative update to Plaintiff's credit file, Defendant, by and through its agents, including but not limited to Paul Blake, continue to call Plaintiff at her place of employment stating that Plaintiff still owes Defendant money.

31. Further, Defendant's agents continue to leave "debt collection" messages for Plaintiff at her place of employment.

32. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

33. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

34. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. c(a)(1) Defendant's agents contacted Plaintiff at an unusual time or place known to be inconvenient to Plaintiff;

    b. c(a)(3) Defendant's agents contacted Plaintiff at her place of employment repeatedly after having been informed this was prohibited;

    c. c(c) Defendant's agents continued to contact Plaintiff after she sent written notification that she wanted the communication to cease;

    d. d Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiff;

    e. d(2) Defendant's agent used abusive language toward Plaintiff;

    f. d(5) Defendant's agents caused Plaintiff's phone to ring and engaged her in conversation repeatedly even after payments had been arranged and made;

  g. e Defendant's agents used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiff;

  h. e(5) Defendant's agent threatened to take action was not intended to be taken;

  i. e(7) Defendant's agent falsely represented that Plaintiff had conducted herself in a manner that was disgraceful;

  j. e(8) Defendant communicated false credit information;

  k. e(10) Defendant's agents used false representation or deceptive means to attempt to collect the alleged debt from Plaintiff;

  l. f Defendant's agents were unfair and unconscionable in their attempts to collect the alleged debt from Plaintiff;

  m. f(1) Defendant's agents continue to attempt to collect an amount they are not authorized by law to collect.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Asset Acceptance, LLC and Order the following relief:

  a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

  b. Actual damages;

  c. Statutory damages pursuant to 15 U.S.C. §1692k;

  d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

     e.     Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                            Respectfully submitted,

                            WARREN & VULLINGS, LLP

**Date:  November 11, 2009**        **BY: /s/Brent F. Vullings**
                                                  Brent F. Vullings, Esquire
                                                  Warren & Vullings, LLP
                                                  1603 Rhawn Street
                                                  Philadelphia, PA  19111
                                                  215-745-9800   Fax 215-745-7880
                                                  Attorney for Plaintiff